IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | |
|---|---|
| **DEAN TURNER,** individually and on behalf of similarly situated persons,<br><br>Plaintiffs,<br><br>**v.**<br><br>**TIPS EAST LLC,**<br><br>Defendant. | **C/A No.: 2:25-cv-00058**<br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Dean Turner ("Plaintiff"), individually and on behalf of all other similarly situated delivery drivers, bring this Collective and Class Action Complaint against Tips East LLC ("Defendant"), and allege as follows:

1. Defendant operates numerous Domino's Pizza franchise stores. Defendant employs delivery drivers who use their own automobiles to deliver pizza and other food items to customers. However, instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendant uses a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks (nominal wages – unreimbursed vehicle costs = subminimum net wages).

2. Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and as a class action under Rule 23 of the Federal Rules

of Civil Procedure and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1, *et seq.* to recover unpaid minimum wages and overtime hours owed to themselves, to recover unpaid minimum wages and overtime hours owed to themself and similarly situated delivery drivers employed by Defendant at their Domino's stores.

## Jurisdiction and Venue

3. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4. This Court has jurisdiction over the NCWHA claim pursuant to 28 U.S.C. § 1367.

5. Venue in this District is proper under 28 U.S.C. § 1391 because Defendant employed Plaintiff in this District, Defendant operates Domino's franchise stores in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## Parties

6. Defendant, Tips East LLC is a business that operates stores minimally within this District. Defendant may be served via its registered agent, David Hess, at 3125 Poplar Wood Court, Suite 100, Raleigh, NC 27604, or wherever he may be found.

7. Plaintiff was employed by Defendant from approximately January 2023 to March 2024 as a delivery driver at Defendant's Domino's store located in Elizabeth City, NC within this District. Plaintiff's consent to pursue this claim under the FLSA is attached to the Original Complaint as "Exhibit 1."

## General Allegations

***Defendant's Business***

8. Defendant owns and operates numerous Domino's franchise stores including stores within this District and this Division.

9. Defendant's Domino's stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

***Defendant's Flawed Automobile Reimbursement Policy***

10. Defendant requires its delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

11. Defendant's delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendant.

12. Defendant's delivery driver reimbursement policy reimburses drivers on a per-mile basis, but the per-mile reimbursement equates to below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendant's delivery drivers.

13. The result of Defendant's delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

14. During the applicable limitations period, the IRS business mileage reimbursement rate ranged between $.625 and $.70 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between

$.72 and $.77 per mile during the same period for drivers who drive 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

15. However, the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendant's delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

16. Defendant's reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendant uniformly fail to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

17. Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages it pays to Plaintiff and Defendant's other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

18. Defendant fails to reasonably approximate the amount of its drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal and state minimum wage requirements.

19. In sum, Defendant's reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

***Defendant's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations***

20. Regardless of the precise amount of the per-mile reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal and state minimum wage.

21. Plaintiff was paid $4.00 per hour while making deliveries during his employment with Defendant, including a tip credit applicable to the time he performed deliveries.

22. The federal minimum wage has been $7.25 per hour since July 24, 2009.

23. During the time Plaintiff worked for Defendant as a delivery driver, he was reimbursed just $.30 per delivery and drove an average of 6 miles per delivery.

24. During the relevant time period, the IRS business mileage reimbursement rate ranged between $.625 and $.70 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the lowest IRS rate and the highest rate per mile Plaintiff was making per mile driven ($.30 per mile) in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased her net wages by at least $.325 ($.625 - $.30) per mile.

25. During his employment by Defendant, Plaintiff regularly made at between 5 – 15 deliveries per hour. Thus, using even a conservative under-estimate of Plaintiff's actual expenses and damages, every hour on the job decreased Plaintiff's net wages by at least $9.00 ($.30 x 6

miles/delivery x 5 deliveries/hour = $9.00), resulting in an hourly wage rate well below the applicable minimum wage.

26. All of Defendant's delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal and state minimum wage before deducting unreimbursed business expenses.

27. Because Defendant paid its drivers a gross hourly wage at precisely, or at least very close to, the federal and state minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations.

28. While the amount of Defendant's actual reimbursements per mile may vary over time, Defendant is relying on the same flawed policy and methodology with respect to all delivery drivers at all of its other Domino's stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

29. Defendant's low reimbursement rates were a frequent complaint of Defendant's delivery drivers, which resulted in discussions with management, yet Defendant continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses. In fact, there were times that Defendant would not pay Plaintiff and other Drivers anything for mileage or would deduct pay from their mileage amounts.

30. The net effect of Defendant's flawed reimbursement policy is that Defendant has willfully failed to pay the federal or state minimum wage to its delivery drivers. Defendant

thereby enjoys ill-gained profits at the expense of its employees.

## Collective Action Allegations

31. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

32. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

33. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential class members may be notified of the pendency of this action via mail and electronic means.

34. Plaintiff and all of Defendant's delivery drivers are similarly situated in that:

a. They have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant's customers;

b. They have delivered pizza and food items using automobiles not owned or maintained by Defendant;

c. Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. They were subject to the same pay policies and practices of Defendant;

g. They were subject to the same delivery driver reimbursement policy that under- estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h. They were reimbursed similar set amounts of automobile expenses per delivery; and,

i. They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

**Class Action Allegations**

35. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of herself and the following Class of similarly-situated individuals:

> All persons Defendant employed in North Carolina as delivery drivers during any workweek in the three-year limitations period (the "North Carolina Class").

36. The North Carolina Class specifically excludes Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which any Defendant has or had a controlling interest, or which any Defendant otherwise controls or controlled; any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant; and the Court and Court personnel.

37. The North Carolina Class claims satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

38. The North Carolina Class satisfies the numerosity standard as it consists of at least

hundreds of persons, and likely thousands, who are geographically dispersed. Therefore, joinder of all members of the North Carolina Class in a single action is impracticable.

39. Questions of fact and law common to the North Carolina Class predominate over any questions affecting only individual members. The questions of law and fact common to the North Carolina Class arising from Defendant's actions include, without limitation:

a. Whether Defendant failed to pay net wages to members of the North Carolina Class as required by North Carolina state law;

b. Whether Defendant failed to reasonably reimburse members of the North Carolina Class for the cost of driving their own vehicles to deliver Defendant's pizzas and other food items; and

c. Whether Defendant's formula and/or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the members of the North Carolina Class.

40. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the North Carolina claims.

41. Plaintiff's claims are typical of those of the North Carolina Class in that:

a. Plaintiff and the North Carolina Class have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant's customers;

b. Plaintiff and the North Carolina Class delivered pizza and food items using automobiles not owned or maintained by Defendant;

c. Defendant required Plaintiff and the North Carolina Class to maintain their

automobiles in a safe, legally-operable, and insured condition;

d. Plaintiff and the North Carolina Class incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendant;

e. Plaintiff and the North Carolina Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. Plaintiff and the North Carolina Class were subject to the same pay policies and practices of Defendant;

g. Plaintiff and the North Carolina Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived them of reasonably approximate reimbursements, resulting in wages below the North Carolina minimum wage in some or all workweeks;

h. Plaintiff and the North Carolina Class were reimbursed similar set amounts of automobile expenses per mile; and

i. Plaintiff and the North Carolina Class were paid exactly, or at least very close to, North Carolina's minimum wage prior to subtracting unreimbursed vehicle costs.

42. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the North Carolina Class.

43. Plaintiff is an adequate representative of the North Carolina Class because he is a

member of the North Carolina Class and his interests do not conflict with the interests of the North Carolina Class Members he seeks to represent. The interests of the North Carolina Class Members will be fairly and adequately protected by Plaintiff and the undersigned counsel, who possess extensive experience prosecuting complex wage and hour, employment, and class action litigation.

44. Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the North Carolina Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the North Carolina Class, and there are no material difficulties impairing the management of a class action.

45. It would be impracticable and undesirable for each Member of the North Carolina Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all North Carolina Class Members.

**Count I: Violation of the Fair Labor Standards Act of 1938**

46. Plaintiff reasserts and re-alleges the allegations set forth above.

47. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

48. Defendant is subject to the FLSA's minimum wage requirements because corporate Defendant is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

49. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

50. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

51. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

52. As alleged herein, Defendant has reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

53. Defendant knew or should have known that its pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

54. Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

55. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendant's stores.

56. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

57. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

58. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**Count II: Violation of the North Carolina Wage and Hour Act**
**(On Behalf of the North Carolina Class)**

59. Plaintiffs reassert and re-allege the allegations above as if fully restated herein.

60. Pursuant to the NCWHA, N.C. Gen. Stat. § 95-26.6, Defendants were required to pay Plaintiffs and the Putative Plaintiffs all wages, when due, for all hours of work at hourly rates which exceeded the minimum wage rate under the FLSA on their regular pay date.

61. Defendants were required to provide employees with advanced notice for wage

deductions permissible by and in compliance with the NCWHA.

62. Defendants failed to pay Plaintiff and the Putative Plaintiffs reimbursements for travel expenses "as other amounts promised" under the NCWHA and thus failed to comply with this statute and its accompanying administrative code.

63. The foregoing conduct, as alleged, constitutes willful violations of the NCWHA, N.C. Gen. State. §§ 95-25.6, 95-25.8, and 95-25.13.

64. As set forth above, the Plaintiff and the Putative Plaintiffs have sustained losses and lost compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff, on behalf of himself and the Putative Plaintiffs, seeks damages in the amount of their unpaid earned compensation, liquidated damages, plus interest at the legal rate set forth in N.C. Gen. Stat. § 24-1 from the date each amount came due as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a) and (a1).

65. Plaintiff, on behalf of himself and the Putative Plaintiffs, seeks recovery of his attorneys' fees as provided by the NCWHA, N.C. Gen. State. § 95-25.22(d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages, (3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

*/s/ Jacob J. Modla*
Jacob J. Modla, NC Bar #17534
Cromer Babb and Porter, LLC
1418 Laurel Street, Suite A (29201)
PO Box 11675
Columbia, SC 29211
T: 803-799-9530
E: jake@cromerbabb.com
**ATTORNEY FOR PLAINTIFF**

December 31, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically with the Clerk of Court using the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Jacob J. Modla*
Jacob J. Modla, NC Bar #17534

December 31, 2025